USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/25/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
BEAUTIFUL HOME TEXTILES (USA), INC.        :
AND ALAN WANG,                                              :
                               Plaintiffs,   :          13 Civ. 1725 (LGS)
:
       -against-                    :          ORDER & OPINION
:
BURLINGTON COAT FACTORY                          :
WAREHOUSE CORPORATION,                         :
                               Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Defendant Burlington Coat Factory Warehouse Corporation ("Burlington") brings five counterclaims against Plaintiffs Beautiful Home Textiles (USA), Inc. ("Beautiful Home") and Alan Wang. Plaintiffs move to dismiss those counterclaims. For purposes of this motion, the Court accepts as true all well pleaded facts in Defendant's counterclaims. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

**I. Facts**

      In February 2012, Beautiful Home and Defendant agreed to do business pursuant to Burlington's Electronic Data Interchange Agreement (the "Agreement"). (¶ 97). Under the Terms and Conditions of the Agreement ("Terms and Conditions"), Beautiful Home warranted that the goods delivered to Burlington: (1) were "merchantable and safe and free from defects . . . and will conform to all order specifications;" (2) "will be properly marked as to . . . contents and ingredients;" and (2) will "comply with the provisions of the . . . Textile Fibers Products Identification Act." ((¶ 99). The Terms and Conditions further state that Burlington "at its sole

option, may retain, cancel, reject or dispose of all or any part of this Order which fails to comply with the warranties…and [Burlington's] decision as to compliance shall be, in the absence of bad faith, final and binding on [Beautiful Home] without inspection . . . . [Beautiful Home] authorizes [Burlington] to . . . (i) dispose of any such nonconforming merchandise by any available means, and (ii) debit [Beautiful Home's] account . . . ."  (¶ 99(a)).

Burlington issued multiple purchase orders in 2012 for a total of 73,503 units. Each order delivered by Beautiful Home detailed the thread count of the sheets to be delivered, as well as the fiber content which was to be 100% cotton in all instances. (¶ 101). The purchase orders were subject to the Agreement. In December 2012, Beautiful Home delivered 40,499 units to Burlington. (¶ 104). On December 17, 2012, Burlington had a sample of Beautiful Home's delivery tested by Intertek Group Plc ("Intertek"), to determine if the thread count and fiber content were as warranted by the Plaintiff. (¶ 107). The results of Intertek's test indicated that the unit tested was not as indicated by Beautiful Home. (¶ 109). Thereafter, Burlington canceled its remaining orders with Beautiful Home. (¶ 110). Intertek then did a second test on December 31, 2012. The second test also showed a non-conforming delivery. (¶ 111). On January 8, 2013, Burlington informed Plaintiffs of the non-conforming deliveries and exercised its right to recall the unsold sheets it had placed in its retail locations. (¶ 112). A third test by Intertek on January 15, 2013, again showed a thread count and fiber content that was not as stated by Beautiful Home. (¶ 114).

## II. Standard of Review

A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint. *See Renovate Manufacturing, LLC v. Acer America Corp.*, No. 12 Civ. 6017, 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013). On a motion to dismiss, this Court

accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846 (2013) (quoting *Twombly*, 550 U.S. at 555). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal punctuation omitted); *see also* Fed. R. Civ. P. 8(a)(2).

Defendants argue that the Court should consider this Rule 12(b)(6) motion as a summary judgment motion because Plaintiffs present matters outside the pleadings in their memoranda of law in support of their motion to dismiss Defendant's counterclaims. The Court reviews the motion under Rule 12(b)(6) only and has excluded from its consideration all evidentiary matters outside the pleadings. The parties' contract, attached as an exhibit to Defendant's counterclaims,

is considered part of the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ("For purposes of this rule the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference") (internal quotations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### III. Discussion

#### A. Breach of Contract and Breach of Warranty

To state a claim for breach of contract the Defendant must allege the existence of a contract, performance of the contract by one party, breach by the other party, and damages as a result of the breach. *See First Investors Corp. v. Liberty Mut. Ins. Corp.*, 152 F.3d 162, 168 (2d Cir. 1998). "A *prima facie* claim for breach of express warranty requires the party show that there was an affirmation of fact or promise by the seller, the natural tendency of which [was] to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 604 (S.D.N.Y. 2010) (quotations omitted). Defendant has made sufficient allegations to sustain the counterclaims for breach of contract and breach of warranty.

Plaintiffs make two arguments to support the dismissal of these two counterclaims. First, Plaintiffs argue that these claims fail as a matter of law under the *Twombly* plausibility standard, because testing just three of 40,000 units is an implausible basis on which to claim that Beautiful Home breached its contract and express warranty. Plaintiffs argue that only a statistically valid random sample can be the plausible basis for a belief that their delivery was non-conforming under the terms of the parties' contract. Second, Plaintiffs argue that Defendant has not sufficiently pled conditions precedent under Fed. R. Civ. P. 9(c). These arguments fail.

Whether Defendant can prove that, based upon testing three sheets in a sample, Plaintiff breached the Agreement and its Terms and Conditions is a factual issue not before us on a motion to dismiss.  Defendant has pleaded sufficient facts to sustain its claims under the broad pleading standards of Fed. R. Civ. P. 8(a).  The cases quoted by Plaintiffs are examples of courts accepting an analysis of random samples, but they do not show that a court should reject, as a matter of law, inferences based upon non-random samples at this stage of the litigation. *See Texpor Traders, Inc., v. Trust Co. Bank*, 720 F. Supp. 110 (S.D.N.Y. 1989); *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 13 F. Supp. 2d 430 (S.D.N.Y. 1998).  What sampling was adequate or necessary is an issue for a later stage in the proceedings, and possibly the subject of expert testimony.  Analysis of a random sample is not the only valid form of statistical reasoning.  The statistical community is engaged in a large debate regarding the use and application of varying statistical methods and approaches.  *See* Andrew Gelman, *RMM*, Vol. 2, 2011, 67–78, *Induction and Deduction in Bayesian Data Analysis, available at* http://www.stat.columbia.edu/~gelman/research/published/philosophy_online4.pdf.

Defendant's breach of contract claim is plausible based on the facts alleged.  The Defendant has alleged in detail the existence of a contract, Defendant's performance under the contract, Plaintiffs' breach in failure to deliver conforming goods, and damages.  Defendant has also detailed the provisions of an express warranty that, in part, induced them to entering into the Agreement with Plaintiffs.

Plaintiffs' second argument, that Defendant has not alleged sufficient allegations under Fed. R. Civ. P. 9(c), also fails.  Rule 9(c) provides, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been preformed.  But when denying that a condition precedent has occurred or been performed, a party must do so with

particularity." In this Circuit, a general allegation that all conditions precedent have been met, as Defendants did in Paragraph 127, is sufficient to satisfy Rule 9(c). *See Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 648 (E.D.N.Y. 2012) (collecting cases) ("[I]t is clear that even where courts require allegations in the complaint with regard to the satisfaction of conditions precedent, courts have consistently accepted only general averments of their fulfillment."). Plaintiffs' further arguments in this regard are factual issues not before the court at this stage.

**B. Negligent Misrepresentation**

To state a claim for negligent misrepresentation in New York, the Court addresses "1) whether the person making the representation held or appeared to hold unique or special expertise; (2) whether a special relationship of trust or confidence existed between the parties; and (3) whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 484 (S.D.N.Y. 2010) (citing *Kimmell v. Schaefer,* 89 N.Y.2d 257, 263-64 (1996) (internal quotations omitted)). Defendant has not alleged any special relationship between the parties, nor that the Plaintiffs held any unique or special expertise.

Moreover, "[u]nder New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts…are generally precluded, unless based on a duty independent of the contract." *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011) (citing, *inter alia*, *Sergeants Benev. Ass'n Annuity Fund v. Renck*, 796 N.Y.S.2d 77, 84 n. 3, 19 A.D.3d 107, 116 n. 3 (1st Dep't 2005) (denying a claim for negligent misrepresentation as a repackaged contractual claim)). Accordingly, Plaintiffs' motion

to dismiss the Defendant's counterclaim for negligent misrepresentation is granted.

**C.  Defendant's Claims under the Textile Fiber Products Identification Act**

Defendant's counterclaims alleging a violation of the Textile Fiber Products Identification Act and Breach of Warranty assuring compliance with that act, are dismissed.  The act itself expressly states that it shall be enforced by the Federal Trade Commission, and it does not provide for a private right of action.  *See* 15 U.S.C. § 70e(a); *see also Laplein Corp. v. Hi-Top Trading Corp.*, No. 90 Civ. 1536, 1990 WL 144956 (S.D.N.Y. Sept. 26, 1990) ("[A]n action between private parties … is not the proper forum for enforcing the Textiles Fiber Products Identification Act.").

**D.  Declaratory Judgment**

Burlington brings a counterclaim for declaratory judgment, asking the Court to find that Beautiful Home has a duty to indemnify Burlington for any claims relating to its products under Section 12 of the Terms and Conditions of the Agreement.  "The standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).  In order to decide whether to entertain an action for declaratory judgment, a district court must ask whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved, and whether a judgment would finalize the controversy and offer relief from uncertainty.  *Id.*  "The difference between an abstract question and a controversy contemplated by the Declaratory Judgment Act is necessarily one of degree…" *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996).  Here, where Burlington has

not alleged any existing third party claims against it, there is insufficient pleading of a justiciable controversy. Plaintiffs' motion to dismiss the declaratory judgment action is granted.

## IV. Conclusion

Plaintiffs' motion to dismiss is DENED with respect to Defendant's breach of contract and breach of warranty counterclaims, the First and Second Counterclaims. Plaintiffs' motion is GRANTED with respect to the remaining counterclaims, and the Third through Sixth Counterclaims are dismissed.

SO ORDERED.

July 25, 2013
New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE