```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BEAUTIFUL HOME TEXTILES (USA),
INC., et al.,

                Plaintiffs,           New York, N.Y.

        v.                            13 Civ. 1725

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

                Defendant.

------------------------------x

                                      September 18, 2013
                                      12:10 p.m.
Before:

                HON. LORNA G. SCHOFIELD,

                                      District Judge


                     APPEARANCES
                    (via telephone)


RICHARD PU, P.C.
     Attorneys for Plaintiffs
BY:  RICHARD PU


LAZARUS & LAZARUS, P.C.
     Attorneys for Defendant
BY:  HARLAN M. LAZARUS
```

1        (In the robing room)

2        THE DEPUTY CLERK:  Good afternoon, counsel.

3        We are here in the matter of 13 Civ. 1725, Beautiful
4   Home Textiles (USA) Inc., et al. v. Burlington Coat Factory
5   Warehouse Corporation.

6        On the phone for the plaintiffs we have Mr. Richard
7   Pu.  Are you present?

8        MR. PU:   Yes.

9        THE DEPUTY CLERK:  And for the defendant, we have
10  Mr. Harlan Mitchell Lazarus.  Are you present?

11       MR. LAZARUS:  That's me.  And Mr. Chase hung up, so it
12  is just me.

13       THE DEPUTY CLERK:  We are just going to ask that you
14  announce your name before you speak because we have a court
15  reporter present.

16       We are here before the Honorable Lorna G. Schofield.

17       THE COURT:  Good afternoon, counsel.  I am very sorry
18  for the delay.  The conferences this morning that were before
19  you ran longer than I anticipated, and I understand one of you
20  has a time constraint.

21       I wanted today make this brief, but I thought rather
22  than try to issue orders or have a longer exchange of letters,
23  the easiest thing to do would be to try to resolve this on the
24  phone.

25       So I have Mr. Pu's letters of September 9 and

1    September 12.  I have Mr. Lazarus's letter of September 12.

2             As I understand it, there are three issues.  Why don't

3    we deal with the easy ones first, so I will take them in

4    reverse order.

5             I understand Mr. Pu has asked for a compliance

6    deposition, but I gather from Mr. Lazarus's letter that he has

7    noticed such a deposition and that the parties have agreed that

8    those depositions will go forward, and so that issue is moot,

9    is that right?

10            MR. PU:  No.  This is Richard Pu.  I am afraid it is

11   not.  I want to take Angela Curry for the compliance

12   deposition, but Mr. Lazarus doesn't want to present her.  He

13   wants to present someone else.

14            MR. LAZARUS:  Your Honor, just to be clear, Ms. Curry

15   is in-house counsel, number one; and, number two, Ms. Curry is

16   the seventh noticed deposition in this action with respect to

17   which there are also three sets of interrogatories and multiple

18   sets of document productions.  I am not telling Mr. Pu I won't

19   produce her.  I have given him the name of somebody who I

20   believe can best address at least initially the issue of

21   compliance that Mr. Pu has raised.  I say that, your Honor,

22   because frankly she is the person, the businessperson, if you

23   will, with whom in-house counsel and I -- by the way, separate

24   in house counsels -- have liaised or worked with.  So I don't

25   know that Mr. Pu is obligated to say why Angela Curry, but I

```
                                                                    4
      d9i2beac
 1    have no idea why Angela Curry.
 2              THE COURT:  Let's do this, just because I would like
 3    to move this along.
 4              I understand your position.  Basically you are
 5    producing a 30(b)(6) witness, and it is your obligation to
 6    produce a person who is knowledgeable about the subjects
 7    requested, and I understand that you are endeavoring to do so.
 8    Also I understand that Mr. Pu, for whatever reason, wants to
 9    depose Ms. Curry and has separately noticed her.  So what I
10    suggest is that you go ahead with the person who is listed as
11    number six, whoever that is.  It is your obligation,
12    Mr. Lazarus, to present somebody who you believe is
13    knowledgeable about production and whether all of the documents
14    have been produced.
15              Then I suggest that once you have completed that
16    deposition and any other depositions that seem to be relevant
17    to Mr. Pu's request for Ms. Curry, that you confer with each
18    other and try to decide whether it is appropriate to have
19    Ms. Curry be deposed.  One of the issues of course is the
20    attorney/client privilege and the attorney work product
21    doctrine.  I assume that a great deal of what she knows is not
22    discoverable because of the privilege, and so it could be a not
23    very efficient way to use the time of counsel and of Ms. Curry.
24              But what I am going to suggest is that you do these
25    other depositions first, and you confer about Ms. Curry.  If
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  you can't agree on Ms. Curry, then write me letters again and
2  tell me what the problem is, and then I will get you on the
3  phone and we can decide it.
4      MR. PU:  This is Richard Pu.  I really do not want to
5  depose the person that Mr. Lazarus is offering because that
6  person did nothing more than run the word search through the
7  e-mails.  She doesn't know what communications there were.
8  Ms. Curry, on the other hand, is the person that was in charge
9  of the testing and the audit and Ms. Curry will know who was
10  communicating with whom.
11      THE COURT:  Okay.  I understand your point.
12      Mr. Lazarus, what's your response?
13      MR. LAZARUS:  Your Honor, I repeat, Jacqueline is --
14  to the extent that Mr. Pu suggested that she is some sort of
15  receptionist or secretary or some such thing, she is intimately
16  involved and has been intimately involved in each and every
17  aspect of the issue, not always as a coordinator and as my
18  liaison, but actively involved in the return of the goods in
19  question or the nonreturn, if you would, of the returns in
20  question.
21      THE COURT:  Was she also involved in the investigation
22  and the inquiry about the representations of the vendors?
23      MR. LAZARUS:  Yes.
24      THE COURT:  Okay.
25      Mr. Pu, I am not going to tell you who to depose, but

1   it seems to me that you ought to depose this person and then we
2   can have a discussion about Ms. Curry because she can also tell
3   you what role, if any, Ms. Curry had. It may not be as you
4   expect it to be.
5               MR. LAZARUS: Your Honor, just to be clear, Ms
6   Jacqueline --
7               THE COURT: This is Mr. Lazarus?
8               MR. PU: -- is product safety and compliance
9   specialist. She is the person.
10              THE COURT: I understand.
11              MR. PU: Judge, I also want Ms. Curry for substantive
12  reasons, not just for the compliance deposition. So I believe
13  that in deposing her I can kill multiple birds with one stone,
14  and that is the reason that I want to depose her.
15              THE COURT: I understand that, but what I am going to
16  ask -- because it is a sensitive matter to ask to depose
17  in-house counsel, particularly because of privilege issues --
18  is that you depose this other person who is being proffered
19  first and that you ask her questions about the scope of
20  Ms. Curry's knowledge, and then have a discussion with each
21  other about whether Ms. Curry will be deposed and what the
22  appropriate scope of her deposition will be. Hopefully you can
23  then agree on that, and I won't hear from you about it again.
24  But if you can't, then come back to me.
25              MR. PU: Very well.

| | |
|---|---|
| 1 | MR. LAZARUS: Understood, your Honor. |
| 2 | THE COURT: The second issue is the issue of a |
| 3 | privilege log. I would be surprised if there is a dispute |
| 4 | here, so perhaps there is something I don't understand, Mr. Pu. |
| 5 | MR. LAZARUS: No dispute, your Honor, it was |
| 6 | transmitted to Mr. Pu this morning as was the signed -- I |
| 7 | should say the signed and notarized verifications on the |
| 8 | interrogatories. |
| 9 | MR. PU: This is Richard Pu. There is a dispute about |
| 10 | the privilege log. Included on the privilege log are |
| 11 | documents, communications between two business people where a |
| 12 | lawyer happened to be copied in on the communication. I have |
| 13 | sent Mr. Lazarus two cases holding that just because the lawyer |
| 14 | is copied in on a communication between two business people, |
| 15 | that document does not become privileged. So I would ask that |
| 16 | documents fitting that description, which have been withheld, |
| 17 | be produced. |
| 18 | MR. LAZARUS: Your Honor, just for, again, clarity's |
| 19 | sake, Mr. Pu knows, because I just said it to him (a) that he |
| 20 | just sent me these cases this morning and (b) that I have |
| 21 | assured him, as I have assured him on every issue he has raised |
| 22 | in all of these discovery matters, that I will look at the |
| 23 | actual documents and if they are not, in my estimation at |
| 24 | least, privileged, they are all his. It is not a *per se* rule |
| 25 | that it is always not privileged. I will look at each document |

1   that he has ticked off on a document I believe he sent back to
2   me earlier, and I am not looking to do anything but to get this
3   matter through to conclusion and will send it to him if I have
4   no issues.
5       THE COURT:  Mr. Lazarus, I appreciate your doing that,
6   and I am sure you will be careful, because I am sure we can
7   both predict that Mr. Pu may still have objections once you
8   have done that if documents are withheld and it may come to
9   pass that a judicial officer, either I or a magistrate judge,
10  would end up looking at the documents, so I am sure --
11      MR. LAZARUS:  Absolutely.
12      THE COURT:  -- you will be thorough.
13      So let me handle the first or last issue, whichever
14  ways you are counting, which is the issue of responsive
15  documents to a request that has to do with, and I am not
16  exactly sure how to put it, but I gather the decision by
17  Burlington to test certain of the vendors' representations as
18  to fiber content and thread count of sheets and just to,
19  because I can't stand the suspense, Mr. Lazarus, are there any
20  such documents?
21      MR. LAZARUS:  Your Honor, if there are, nobody on my
22  team has seen them.  That's the short answer.
23      THE COURT:  So to your knowledge they are not there,
24  it is not just they are buried somewhere and you don't want to
25  tell anybody where.

1              MR. LAZARUS:  Absolutely not, your Honor.

2              THE COURT:  Okay.

3              MR. LAZARUS:  Absolutely not.

4              THE COURT:  So the next question is, do you have any

5    idea why it is, just to sort of cut through the suspense here

6    again, I understand that what you say isn't evidentiary, but do

7    you have any idea why it is that there don't seem to be any

8    internal communications or documents about Burlington's

9    decision.

10             MR. LAZARUS:  I do.

11             THE COURT:  What is that?

12             MR. LAZARUS:  In short, the short answer is that

13   Burlington, while it is a large company, as your Honor might

14   very well know, is actually a company that was the brain child

15   of a gentleman who is no longer involved in the company.  It

16   was sold to a private equity firm.  That being said, and that's

17   the brief background.  A carryover of that is that

18   apparently -- using words that have been used in my dealings

19   with the client -- some things are just done informally.  They

20   still run it in some respects as if it were a privately

21   owned -- it is privately owned, I should say, but as a smaller

22   company.

23             THE COURT:  Are you trying to say they talk to each

24   other?

25             MR. LAZARUS:  Yeah.

1           THE COURT:  Okay.
2           MR. LAZARUS:  They talk to each other.
3           THE COURT:  This may already all have been disclosed
4    in interrogatories, but the people who are involved in those
5    discussions and the decision to do the testing and the
6    investigation, have those people been disclosed to Mr. Pu and
7    identified as such?
8           MR. LAZARUS:  Yes.  I am sorry, your Honor, everybody
9    has been disclosed.
10          MR. PU:  No.  I have no idea who is involved.
11          THE COURT:  Why don't just tell us.  That way I will
12   know too.
13          MR. LAZARUS:  Mr. Haigney, Ms. Pu -- excuse me, I
14   apologize, Ms. Curry, Ms. Green, I believe Tim Griffin, and
15   there may be one other name.  Hold on.  It was in an
16   interrogatory, your Honor.  Where is it?  It was Griffin, it
17   was Green, and Stacy Haigney and there may be one other.
18          MR. PU:  Is Green the person that you are offering --
19          MR. LAZARUS:  Yes.
20          MR. PU:  -- the deposition?
21          MR. LAZARUS:  Yes.
22          THE COURT:  All right.  So it sounds like --
23          MR. PU:  Can I just ask a question of Mr. Lazarus?
24          THE COURT:  Yes.
25          MR. PU:  Are the same people that you just mentioned

1  involved both before the testing was done as well as after it
2  was completed?
3          MR. LAZARUS:  Well, the answer before the testing was
4  done, yes, you mean -- you are really asking the decision to do
5  the testing, correct?
6          MR. PU:  Yes.
7          MR. LAZARUS:  Yes, the answer is yes.
8          MR. PU:  Okay.
9          THE COURT:  Okay.  So I am sure you will do those
10 depositions and you will then know a lot more about what the
11 facts are.  So I will leave you to your discovery.  Hopefully I
12 won't hear from you again too soon, but if there is an issue
13 that seems to be a roadblock, let me know.  Okay?
14         MR. LAZARUS:  Thank, your Honor.
15         MR. PU:  Thank you very much.
16         THE COURT:  Thank you.  Bye.
17                            - - -