# RICHARD PU, ATTORNEY AT LAW

PRACTICING IN THE FEDERAL COURTS

120 E. 90™ ST., 10C

NEW YORK, NY 10128

E-MAIL: richard@newyorklitigator.com

(212) 427-3665 (o)      (212) 427-6057 (FAX)

November 27, 2013

<u>By E-Mail Only</u>

Hon. Lorna G. Schofield
Schofield_NYSDChambers@nysd.uscourts.gov

> Re:  Beautiful Home Textiles v. Burlington Coat Factory
> <u>Warehouse Corporation, 13 Civ. 1725 (LGS)</u>

Dear Judge Schofield:

This is yet another pre-motion letter in advance of our 12/13/13 conference.  This time, I seek to move for an order <u>in limine</u> limiting a certain Intertek employee to testimony as a lay witness under Federal Rules of Evidence ("FRE") 701.  As noted below, this is required by Defendant's failure to comply with Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C).

1. <u>The Agreed-On Schedule</u>.  On 9/25/13, the parties agreed on the following schedule for expert discovery:

> "So working back from the 11/21 deadline, let's assume
> that 1) a party will want one week to depose a rebuttal
> expert-- that's 11/14 at the latest; 2) that a party
> needs four weeks to find an locate a rebuttal expert
> and have his report prepared-- that's 10/17 for the
> initial expert's report.  Tell me if you don't agree
> with those intervals, especially my four-week estimate
> to find an expert and have his report issued."

9/25/13 Pu to Lazarus.

2. <u>Defendant's 10/17/13 Disclosure</u>.  On 10/17/13-- the deadline for the initial expert's report-- Defendant sent Plaintiffs an e-mail which stated, in its entirety:

> "Per the court rules, please be advised that we intend
> to call a representative of Intertek as an expert

1

witness."

10/17/13 Lazarus to Pu.

The Court will note that the 10/17/13 e-mail did not:

1. identify the expert, as required by Rule 26(a)(2)(A); or

2. provide an expert's report, as required by Rule 26(a)(2)(B) for an expert which is "one retained or specially employed to provide expert testimony; or

3. state "the subject matter on which the witness is expected to present evidence" or "a summary of the facts and opinions to which the witness is expected to testify", as required by Rule 26(a)(2)(C) for experts who don't need to provide reports.

See Rule 26.

3. <u>Defendant's 11/18/13 Disclosure</u>. On 11/18/13, Defendant sent Plaintiffs a 11/18/13 document entitled "Initial Expert Disclosure." 11/18/13 Disclosure Document; 11/18/13 Lazarus to Pu. The Court will note that this document was transmitted 1) a month after the 10/17/13 deadline for the expert's disclosure, and 2) three days before the 11/21/13 cutoff for expert discovery.

The 11/18/13 Disclosure Document identified the an Intertek employee by name and the subjects on which he would testify. However, it did not provide "a summary of the facts and opinions to which the witness is expected to testify", as required by Rule 26(a)(1)(C) for experts who need not provide a report.

4. <u>The Prejudice to Plaintiffs</u>. As a consequence of Defendants failure to meet the agreed-on deadlines, and to comply with Rules 26(a)(2)(A), (B) and (C), Plaintiffs suffered two forms of prejudice: 1) Plaintiff were unable to depose the expert, and 2) Plaintiffs were prevented from presenting rebuttal expert testimony.

5. <u>Defendant's Contentions</u>. Defendant contends that its expert was not required to provide a report because he was not "one retained or specially employed to provide expert testimony"

2

within the meaning of Rule 26(a)(2)(C).

 a. <u>Governing Law</u>.  The law in the Second Circuit is that an expert need not provide a report if merely testifying about his first-hand observations, but must provide a report if he goes beyond that:

> "Thus, to the extent that a treating physician
> testifies only to the care and treatment of the
> patient, the physician is not considered to be a
> "specially employed" expert and is not subject to the
> written report requirements of Rule 26(a)(2)(B),
> "notwithstanding that the witness may offer opinion
> testimony under [the Federal Rules of Evidence]." [Cite
> omitted.] However, when the doctor's opinion testimony
> extends beyond the facts disclosed during care and
> treatment of the patient and the doctor is specifically
> retained to develop opinion testimony, he or she is
> subject to the provisions of Rule 26(a)(2)(B)."

<u>Peck v. Hudson City School District, Hudson, N.Y.</u>, 100 F.Supp.2d 118, 121 (N.D.N.Y. 2000).

 b. <u>Defendant's Expert was Retained to Provide Expert Testimony</u>.  Here, Defendant's expert was retained to provide expert testimony, and therefore had to provide a report.  The evidence of that is that I asked Mr. Lazarus if Defendant was paying its expert, but Mr. Lazarus refused to answer the question.  11/21/13 Pu to Lazarus.

 c. <u>In any Event, Defendant Failed to Comply with Rule 26(a)(2)(C)</u>.  In any event, Defendant failed to comply with Rule 26(a)(2)(C), applicable to experts who need not provide a report.  As noted above, the 11/18/13 Disclosure Document 1) was provided more than a month after the 10/17/13 deadline, and only three days before expert discovery cutoff, and 2) failed to summarize the expert's testimony.  As further noted above, the failure to comply with Rule 26(a)(2)(C) prevented Plaintiffs from deposing the expert and presenting rebuttal expert testimony.

 As a consequence, Defendant's expert is limited to testifying as a lay witness under Federal Rule of Evidence ("FRE") 701.  <u>Chevron Corp. v. Donziger</u>, 2013 WL 5493996 p. 2 (S.D.N.Y.).  But significantly, FRE 701 limits the witness to testimony:

3

"(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Thus, the Court should so rule, both for purposes of the upcoming summary judgment motions, as well as for purposes of trial.

Sincerely

Richard Pu

cc: Lazarus, Wang, Burke

4