```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/14/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BEAUTIFUL HOME TEXTILES (USA), INC.,                        :
*et al*.,                                                   :
                                          Plaintiffs,       :     13 Civ. 1725 (LGS)
                                                            :
               -against-                                    :     **OPINION AND ORDER**
                                                            :
BURLINGTON COAT FACTORY                                     :
WAREHOUSE CORPORATION,                                      :
                                          Defendant.        :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Beautiful Home Textiles (USA), Inc. ("BHT") moves for judgment as a matter of law pursuant to Rule 50(b) or, in the alternative, a new trial pursuant to Rule 59. After a three-day trial, a jury returned a verdict in favor of Defendant Burlington Coat Factory Warehouse Corporation on two of its counterclaims. Although styled as a "motion for judgment as a matter of law," Plaintiff's motion is effectively a motion for reconsideration. Before the case was submitted to the jury for deliberation, Plaintiff timely made an oral motion for judgment as a matter of a law, and the Court reserved decision until a jury verdict was returned. After the jury verdict was announced, Plaintiff renewed its motion for judgment as a matter of law -- or, in the alternative, a new trial -- which the Court denied. Thus, the instant motion is properly construed as a motion for reconsideration of that denial.[1] For the following reasons, Plaintiff's motion for reconsideration is denied.

---

[1] *See Algie v. RCA Global Commc'ns, Inc.*, 891 F. Supp. 875, 881-82 (S.D.N.Y. 1994) (construing post-trial motion for judgment as matter of law as motion for reconsideration of denial of summary judgment), *aff'd*, 60 F.3d 956 (2d Cir. 1995); *Church of Scientology Int'l v. Time Warner, Inc.*, No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *4 (S.D.N.Y. Aug. 27, 1997) ("The Court has the authority under Rule 54(b), as well as under its inherent powers, to reconsider or modify a prior decision at any time before the entry of final judgment."), *aff'd sub nom. Church of Scientology Int'l v. Behar*, 238 F.3d 168 (2d Cir. 2001).

**BACKGROUND**

Familiarity with the factual background and procedural history of this case is assumed, and the following facts are recited solely for the purpose of explaining the denial of Plaintiff's motion.

At trial -- before the case was submitted to the jury for deliberation -- BHT timely moved for judgment as a matter of law.  *See* Fed. R. Civ. P. 50(a)(2).  With respect to the Cancelled Units, BHT argued that (1) "no one on the part of Burlington was able to identify a demand for assurance" and (2) Burlington's "testing two units didn't tell [it] anything about the remaining 40,497 units, so there was no reasonable basis for insecurity."  With respect to the Delivered Units, BHT argued that (1) "nobody was able to identify any listing of any particular transactions" and (2) as Burlington tested only a subset of the delivered goods, "Burlington [was] unable to discharge its burden of proving by [a] preponderance of the evidence that the units were not conforming."  The Court reserved decision until the jury returned a verdict.

At the charging conference, BHT raised an objection concerning the verdict form and argued that it improperly "omits the notice requirement, which was one of the elements" of the breach of contract counterclaim.  The Court responded, "The purpose of the verdict form is not to restate all of the elements.  The jury charge, which the jury can take into the jury room with them, states all of the elements.  The purpose of the verdict form is simply to determine what their verdict is on each claim."  BHT did not object to the wording of the breach of charge question in the verdict form.

Similarly, BHT argued that, with respect to the breach of warranty counterclaim, the verdict form should include a question explicitly asking the jury "whether Burlington made the demand for assurance and failed to get it from BHT."  The Court responded, "That is the same

2

issue.  I am simply asking whether there is liability on that claim.  I am not going through any of the requirements for liability."

After the jury verdict, BHT renewed its motion for judgment as a matter of law and moved, in the alternative, for a new trial.  BHT argued, "[T]he verdict sheet didn't ask the question about the notice, and that was an important line of defense for us.  The verdict sheet made it possible for the jury to impose liability on BHT even if they found that there had been no notice."  The Court denied the motion from the bench and reiterated that the verdict form need not restate all of the elements of each claim.  Further, the jury "instructions, in part at [BHT's] request, were very clear on the need to prove notice both with respect to the breach of contract claim and the breach of warranty claim."  The Court concluded:

> [T]here is a presumption as a matter of law that the jurors have heard, understood, and applied the instructions, and . . . there was a sufficient factual basis for the jury to find that notice was given with respect to the claims on which they found liability.  I would also note that the jury declined to find that there was liability on the canceled bed sheets.  I presume that [] was because of the success of [BHT's] argument that there was no written demand for adequate assurance.  It seems pretty clear that the jury understood the various requirements for liability based on the instructions and not withstanding it not being included in the verdict form.

**STANDARD**

**I.     RECONSIDERATION**

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same."  *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294 (PKL), 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004)).  A movant for

reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'"  *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).  "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'"  *Id.* (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); *accord Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("[A]rguments [] raised for the first time in [a] motion for reconsideration . . . [are] not properly presented to the district court.  Accordingly, they are waived.").

## II.    NEW TRIAL

"A district court may properly grant a motion for a new trial following a jury verdict when the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Carrion v. Agfa Const., Inc.*, 720 F.3d 382, 387 (2d Cir. 2013) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 1760 (2014); *accord Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 51 (2d Cir. 2012) ("A motion for a new trial ordinarily should not be granted unless the trial court is

convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.") (citation omitted).

A party is entitled to a new trial if "errors are likely to have had a substantial effect on the jury's resolution of the factual disputes at trial." *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir. 2005). Even if a jury instruction is erroneous, "[a] jury instruction will be deemed adequate if the charge . . . is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it." *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012) (citation omitted).

## DISCUSSION

### I. RECONSIDERATION

A threshold matter is whether the instant motion for judgment as a matter of law should be treated as a motion for reconsideration. Plaintiff insists that it should not and that the instant motion should be treated as a "renewed" motion for judgment as a matter of law. This argument is unpersuasive. As discussed above, Plaintiff first moved for judgment as a matter of law before the case was submitted to the jury, as provided by Rule 50(a)(2). *See* Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."). The Court chose to "submit[] the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b) ("Renewing the Motion After Trial; Alternative Motion for A New Trial"). After the jury returned its verdict, Plaintiff immediately renewed its motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(b). From the bench, the Court denied the motion. Accordingly, Plaintiff had already submitted its renewed motion, and the instant motion is properly treated as a motion for reconsideration. In any event, as discussed infra, Plaintiff's motion must be denied, whether

construed as a motion for reconsideration or as a motion for judgment as a matter of law.

Plaintiff argues that it is entitled to judgment as a matter of law for two reasons: (1) the verdict form improperly omitted a question about notice and (2) the verdict form's question concerning breach of contract conflicted with the jury instructions. Both arguments fail.

First, BHT argues that the verdict form erroneously did not ask the jury for a finding as to whether Burlington had satisfied the notice requirements of sections 2-714 and 2-607 of the Uniform Commercial Code. BHT further contends that "whether adequate notice was give[n] . . . was not decided by the jury because the question was deliberately, and over BHT's objections, omitted from the verdict sheet."

BHT has failed to meet its heavy burden to justify reconsideration of the Court's prior decision. BHT has not demonstrated that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways*, 956 F.2d at 1255. Instead, by and large, BHT presents the same arguments in its written motion that had already been rejected by the Court. Accordingly, this argument is rejected.

Second, for the first time, BHT objects to the wording of the breach-of-contract questions on the verdict form. Questions 1A and 1B of the verdict form asked the jury, "[D]id BHT breach the parties' agreement?" The jury instructions stated that Burlington had to prove five elements to prevail on its breach of contract claim, including, "3. [that] BHT, the seller, breached the contract by not doing what it was required to do under the contract." BHT argues that the verdict form's questions "left the impression that, notwithstanding the jury charge, the notice requirement had been removed from the case, and that the jury could find for Burlington notwithstanding the lack of notice."

As it had not previously raised this objection, BHT has waived this objection. *Phillips*, 775 F.3d at 544; *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 107 (2d Cir. 2001) ("Except in rare cases, we will consider only those claims of error in the jury instructions or verdict form that were raised with particularity in the district court."). Indeed, at the charging conference, the Court noted that BHT had not objected to the jury charge on breach of contract vis-à-vis the notice requirement. BHT responded, "No, because [notice] is contained [in the charge]."

In any event, both arguments fail on the merits. The structure of the verdict sheet is a matter within the discretion of the district court, *Smith v. Gen. Motors Corp.*, 108 F.3d 1370, at *3 (2d Cir. 1997), and challenged aspects of a verdict form are read "in conjunction with the judge's charge to the jury," *Cash v. Cnty. of Erie*, 654 F.3d 324, 340 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012). Furthermore, there is a presumption that juries follow instructions that they are given. *See LNC Invs., Inc. v. Nat'l Westminster Bank*, 308 F.3d 169, 177 n.10 (2d Cir. 2002) ("[W]e must presume the jury to follow its instructions."), *cert. denied*, 538 U.S. 1033 (2003).

Here, there was sufficient evidence presented at trial to support the verdict the jury returned, and their verdict suggests that they understood the instructions given to them. The jury was instructed that, in order to prevail on its breach-of-contract counterclaim for the Cancelled Units, Burlington needed to establish that it had sent a written demand to BHT for adequate assurance of due process. At trial, BHT spent considerable energy emphasizing to the jury that Burlington had not provided such a demand. Ultimately, the jury returned a verdict in favor of BHT on this counterclaim, presumably -- as the Court noted after trial -- because BHT had succeeded in its argument on this point.

Accordingly, BHT's motion for reconsideration is denied.

**II.     NEW TRIAL**

For substantially the same reasons, BHT's motion for a new trial is denied. Plaintiff's arguments focus on parsing the verdict sheet in isolation from the jury instructions, contravening longstanding law in this Circuit. Plaintiff has failed to show that the verdict sheet, read in conjunction with the jury instructions, contained "errors [that] are likely to have had a substantial effect on the jury's resolution" of the dispute. *Nimely*, 414 F.3d at 392. Nor has Plaintiff shown that "the jury [] reached a seriously erroneously result or that the verdict is a miscarriage of justice." *Townsend*, 679 F.3d at 51 (citation omitted).

## **CONCLUSION**

For the foregoing reasons, BHT's motion is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 186.

SO ORDERED.

Dated: May 14, 2015
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**